**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

No. 12-40073
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ORLANDO REYES-CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1003-2

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Orlando Reyes-Cuellar appeals the 108-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine. Reyes-Cuellar argues that the district court clearly erred in applying a two-level adjustment for possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). He contends that there was insufficient evidence to show that the firearms recovered from the stash house were possessed in connection with the offense or that he should have reasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreseen that a dangerous weapon would be possessed.  Reyes-Cuellar further contends that the district court failed to make proper findings to support the application of the enhancement.

This court generally reviews a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  "There is no clear error if the district court's finding is plausible in light of the record as a whole."  *Id.* (internal quotation marks and citation omitted).

Section 2D1.1 should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  § 2D1.1, comment. (n.3).  A defendant may be held responsible for "all reasonably foreseeable acts" of others taken "in furtherance of . . . jointly under criminal activity."  U.S.S.G. § 1B1.3(a)(1)(B); *see also United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993).  There is ample evidence that Reyes-Cuellar and his coconspirator were jointly engaged in the crime of possession with intent to distribute a large amount of cocaine.  It was thus reasonably foreseeable that the coconspirator would possess a dangerous weapon at a stash house known to be "utilized to store large quantities of narcotics."  *See United States v. Thomas*, 120 F.3d 564, 574 (5th Cir. 1997); *Mergerson,* 4 F.3d at 350.  The record reflects that the district court considered the arguments presented by Reyes-Cuellar and adopted the presentence report's facts regarding the dangerous weapon enhancement.  *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010); *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  Reyes-Cuellar has failed to show that the district court clearly erred in applying the firearm enhancement to his sentence.  *See Cisneros-Gutierrez*, 517 F.3d at 764.  The judgment of the district court is therefore AFFIRMED.